## ANDERSON KEYSER *vs.* THE STATE OF MARYLAND.

*Criminal Law—Competency of Evidence to Prove Identification of Traverser at a Certain Place at Night.*

Upon the trial of an indictment for assault with intent to kill, a witness who had testified that he knew the county road where the assault took place and that at night the woods there made it very dark, was asked if he thought that a man standing on the west side of the road could recognize a man standing on the east side in the shade of the trees, on a moonlit night, and about twenty-five feet away from him. *Held*, that an objection to this question was properly sustained, first, because there is nothing in the record to show that the assault for which the traverser was indicted was made under the conditions set forth in the question, and secondly, because it does not appear that the witness had ever ascertained by actual experiment, under these conditions, whether or not he could identify a person at the place mentioned.

Another witness in the case was asked to state whether from his knowledge of the locality and his experience in driving over the road by day and night he thought that a man standing on the west side of the road could recognize a colored man standing on the east side at a point about twenty-five feet distant on a moonlit night. The witness answered

that it would be difficult under these conditions to distinguish the color of the man, but that his motions could be detected. Upon cross-examination the witness was asked whether if the moon was shining down the road and the man was not under the shadow of a tree he thought it possible for one who had known a man for ten or fifteen years to tell him at a distance of twenty-five feet. *Held*, that this question was proper, since the Court will not assume that there was nothing in the testimony offered by the State to warrant it, and that testimony is not in the record, and also because, being a question on cross-examination, it was proper as tending to test the correctness of the opinion expressed by the witness on his examination in chief.

Appeal from the Circuit Court for Talbot County (Brown J.)

The case was submitted to the Court on briefs by :

*Aaron R. Goodman* and *Wm. A. Goodhart*, for the appellant.

*Isidor Rayner, Attorney-General*, for the appellee.

Fowler, J., delivered the opinion of the Court.

Anderson Keyser was convicted in the Circuit Court for Talbot County of assault with intent to kill. He was duly sentenced to be confined in the penitentiary for three years. This is his appeal.

During the trial the traverser reserved five exceptions to the ruling of the Court upon the admissibility of testimony—the first three, however, it is conceded present or were intended to present the same question, and the last two it is also conceded are identical.

The record contains none of the testimony introduced by the State, and we are, therefore, at a loss to know whether, the facts before the Court below, justified the questions which it permitted the witness, Wrightson, to answer against the objection of the traverser—the contention of the traverser being, upon this branch of the case, that the questions were improper, because there is nothing in *the record* on which they can be properly based. But in our opinion the question thus presented may be disposed of upon other grounds.

We will briefly consider the question raised by the first

three exceptions.   The witness, Robert Lowe, testified that
he had known the traverser all his (the traverser's) life; that
he was reputed a peaceable law-abiding citizen; that he (the
witness), knew the road where the shooting occurred; that
there is a woods on the left side of the road going down, that
it is very dark even on a moonlit night—so dark you could
not identify a man ten feet off under that woods; that he was
in the habit of going along there day and often at night; that
on the other side there was a ditch; that on the side where
there is no woods there is a ditch and a wire fence, that he
had often driven through this road in moonlit nights and all
kinds of nights; that there are large trees on the left hand
side going down and that their shadows make it very dark on
that side.   Having thus testified the following question was
asked the witness by the traverser's counsel; " Mr. Lowe
from your knowledge of this location of the road, and your
experience in driving and walking by this place both by day
and by night, both dark and moonlit nights, as you have testi-
fied, do you think that a man standing on the west side of
the road could recognize a man standing on the east side of
the road in the shade of the trees that you have described, on
a moonlit night and about twenty-five feet away from him."
To this question the State objected and its objection was sus-
tained.   This action of the Court is the foundation of the first
three exceptions.

  1. In the present condition of the record it appears to us
clear that the question was properly ruled out.   There is ab-
solutely nothing in the record to show that the assault for
which the traverser was indicted was made under the circum-
stances and conditions in the manner and at the time set forth
in the question.   Indeed, as we have already pointed out, the
record fails to disclose any of the testimony adduced by the
State, and hence we are entirely in the dark as to the time,
place, circumstances and conditions under which the assault
for which the traverser was convicted, was committed.   Under
these circumstances it is obvious that it is impossible for us to
determine whether or not the question objected to describes

the situation and circumstances under which the assault was committed—and, as we must assume that the Court below was right, unless there is something in the record to show the contrary we must conclude that the question was immaterial and irrelevant.    But in addition to this view we think the decision of this Court, in the case of *Richardson* v. *State,* 90 Md. 113, opinion by PEARCE, J., is conclusive on this question upon another ground.    For, assuming that the question submitted a case similar to the case the Court was trying, yet unless the witness had actually himself made the experiment "under precisely similar conditions and circumstances" he was not a competent witness to give his opinion as to whether the prosecuting witness could identify the traverser under the circumstances and conditions testified to by him.    In the case just cited it is said, quoting from *Wharton's Crim. Evidence,* sec. 459, that "In questions of identity we have, after all to go back to opinion." But the opinion so held to be admissible must be based upon precisely similar *conditions and circumstances.*    It is not pretended, however, that the witness, Lowe, to whom the question objected to was addressed, had ever *tried by actual experiment, under the circumstances and conditions set forth in the question, whether he could identify* one whom he knew at the place where the assault was committed.

2.    The witness Mr. Wrightson against the State's objection was permitted to answer several questions in relation to his experience in identifying persons.    He was asked the following question.    "You have testified you have made some investigation as to your ability to recognize a man on a moonlit night; you also testified as to the character of the shadows which are thrown on the road by these woods.    Please state whether from your knowledge of the locality and your experience in driving over the road both by day and night on dark and moonlit nights, please state whether you think that a man standing on the west side of the road could recognize a colored man standing on the east side of the road in the shadow of the trees at a point about twenty-five feet distant, on a moonlit night?"    To this question the State also ob-

jected, but its objection was overruled and the witness answered thus: "The experiment I tried was rather a greater distance than twenty-five feet.   I'm inclined to believe from what I found in that experience it would be hard to distinguish the *color;* you could probably see his motion, if he was walking ; you might probably detect him some other way than by his color."   The witness having thus testified in chief on the part of the defense, the State proceeded to cross-examine him as follows : "Question.   In the case suggested, suppose the moon was shining right down that road and had got down to the south and was shining down the road and the man was not under the shadow of any particular tree do you think it possible for a man who knew another man and had known him for ten or fifteen years to tell him at a distance of twenty-five feet ?"   To this question the traverser objected but the Court allowed it to be answered, and the witness answered as follows: "The visionary power of some people is better than that of others.   I think some people could distinguish."   Without stopping to inquire whether this non-committal answer could have possibly injured the traverser we will assume *ex gratia* that in some way it did or might have worked him an injury.   The objection, as we understand it, which is urged by the traverser to this question is that "the record does not disclose any facts to justify the questions, and the questions and answers should, therefore, have been excluded."   In the first place we may say, as we have already said in regard to the question which was presented by the first three exceptions, that inasmuch as *none* of the testimony offered by the State is before us we cannot assume that there was not sufficient evidence before the Court below to warrant its ruling.   On the contrary we are bound to assume unless it affirmatively appears to the contrary that the facts in evidence justified the ruling.   But it does not so appear here, because by the consent or acquiesence of both appellant and appellee the evidence which would enable us to pass upon the validity of the ruling has been omitted from the record.

But we think the question is a proper one for another rea-

son.   The appellant seems, we think, to lose sight of the fact that the witness was under cross-examination.   Having testified in chief as we have seen, that under the circumstances set forth in the question "it would be hard to tell whether the person was black or white, but that you could probably see his motion, if he was walking, you might probably detect him in some other way than by his color," we think it was clearly the right of the State to ask the witness on cross-examination any questions which would test the accuracy of his knowledge, the extent of his information, in general the correctness of his opinions, and the extent of his powers of identification under a variety of circumstances, even if they should in some particulars vary from the facts disclosed by the record or the circumstances mentioned in the examination in chief.

It follows that the judgment appealed from will be affirmed.

*Judgment affirmed with costs.*

(Decided April 1st, 1902.)